NATIONAL DISTILLERS AND CHEMICAL CORPORATION, Harry Braus, and Donald R. Mills, Plaintiffs,

v.

The COMMISSIONER OF PATENTS, Defendant.

Civ. A. No. 2492-63.

United States District Court
District of Columbia.

Sept. 28, 1964.

E. Janet Berry, New York City, A. Yates Dowell, A. Yates Dowell, Jr., Washington, D. C., for plaintiffs.

Clarence W. Moore, Sol., Washington, D. C., for defendant.

JACKSON, District Judge.

Plaintiffs, National Distillers and Chemical Corporation, Harry Braus and Donald R. Mills, brought this action under 35 U.S.C. § 145, seeking a judgment of this Court authorizing the defendant, Commissioner of Patents, to issue Letters Patent of the United States to the plaintiffs on an application for patent, Serial No. 703,508, filed December 18, 1957, entitled "Plastic Compositions of Improved Slip Properties."

The application in suit relates to a plastic composition of solid polyethylene film containing elaidamide in an amount between 0.01 and 1.0% by weight of the polyethylene. The purpose of the elaidamide is to reduce the coefficient of friction of polyethylene and the tendency of polyethylene to "block", that is, to adhere to itself after standing under pressure.

The two claims plaintiffs assert as defining their invention read as follows:

Claim 7.

"A plastic composition comprising a normally solid polymer of polyethylene and from about 0.01 to about 1.0% by weight of elaidamide, based on the weight of said polymer, to reduce the coefficient of friction and blocking characteristics of said polymer."

Claim 8.

"A method which comprises incorporating into a normally solid polymer of polyethylene from about 0.01 to about 1.0% of elaidamide, based on the weight of said polymer, sufficient to reduce the coefficient of friction of said polymer and reduce its blocking characteristics."

These claims were rejected by the Patent Office on the ground that their subject matter would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertained. 35 U.S.C. § 103. In support of this rejection, the Patent Office cited a United States patent to Symonds, No. 2,770,609, a French patent to Plax Corporation of the United States, No. 1,132,791, a publication entitled "The Chemistry of Organic Compounds," 2nd Edition, by Noller, and a publication entitled "The Fatty Acids and Their Derivatives", by A. W. Ralston.

The Symonds patent, granted November 13, 1956, discloses a solid plastic composition of polyethylene in which oleamide is incorporated in an amount between 0.01 and 0.5% by weight of the polyethylene. The oleamide is used to reduce the coefficient of friction of polyethylene film, thus improving its ability to "slip" with respect to itself. This patent further discloses a composition in which an additional ingredient, ethylene distearamide, is incorporated to reduce "blocking".

The French patent, granted November 5, 1956, reveals incorporation of a "fatty acid amide" in polyethylene in an amount between 0.01 and 1% of the polyethylene by weight to improve the "slip" characteristics and inhibit "blocking" of the polyethylene.

The publication entitled "Chemistry of Organic Compounds", published August 21, 1957, discloses on page 356 that elaidic acid is the *trans* isomer of *cis* oleic acid.

The "Fatty Acids and Their Derivatives" publication by A. W. Ralston, 1948, discloses on page 594 that oleamide and elaidamide are amides of unsaturated acids, and that oleamide has been reported to melt at 75–76° and elaidamide at 93–94°.

Since the prior art nowhere discloses the use of elaidamide to form a composition with polyethylene, the rejection is based upon the prior disclosure of using oleamide in such a composition. The theory of the rejection is that it would have been obvious to have used elaidamide in such a composition since in chemical terminology it is the stereo isomer of oleamide.

The law on this point appears to be that isomerism alone is not sufficient basis for a holding of obviousness if the evidence taken as a whole establishes an

inventive improvement over the prior art. In re Papesch, 315 F.2d 381 (C.C. Pa.1963), In re Schechter et al., 205 F.2d 185, 40 C.C.P.A. 1009 (C.C.Pa. 1953). Parker v. Marzall, 92 F.Supp. 736 (D.C. D.C.1950).

The use of oleamide relied upon by the Patent Office to establish obviousness is found principally in the United States patent to Symonds, and the French patent to Plax Corporation. The mention of oleamide in the former is limited, however, to reducing the coefficient of friction of the film. It is said to make the blocking tendency of the film worse. In the French patent "fatty acid amides" are described as useful both for improving ability of the film to slip with respect to itself and for reducing the tendency of the film to block. Among these fatty acids are listed numerous compounds, oleamide being "especially preferred".

Expert testimony was introduced at trial which established that at the time the invention was made elaidamide was obscure, unavailable on the market, and that it was necessary to synthesize it in the laboratory before conducting experiments. The testimony also established that the broad terminology employed in the French patent covers thousands of compounds, of which is elaidamide is only one.

After reviewing this evidence, the Court is compelled to find that even though isomers of elaidamide had been used in the claimed environment previously, the disclosures of this use were not such as to suggest that elaidamide itself might also be used.

The Symonds patent would, if anything, discourage the choice of elaidamide to reduce *blocking*, since it describes the deleterious effect of oleamide in this connection. The French patent, while suggesting that "fatty acids" are helpful in improving both the slip and block characteristics of a film, can hardly be thought specific enough to lead an experimenter to the result the plaintiffs have achieved. This result, as shown by comparing the properties of various films in open Court, has been remarkable indeed.

Testimony additionally indicated that extensive experimentation was required in order to learn of elaidamide's superiority. Little is known, apparently, about the logical relationship between the characteristics produced and the particular compound added, and workers in the field even today have little more than empirical data to guide them. All that is certain thus far is that elaidamide works better than anything else. In the Court's opinion, this fact could not have been ascertained save through a high order of creative exertion. Such discoveries are sought to be encouraged by the patent law, and surely deserve protection.

It is the opinion of the Court that the totality of the evidence demonstrates the Patent Office's decision was not consistant with the evidence. Accordingly, the Court finds for the plaintiffs and against the defendant, and authorizes the Commissioner of Patents to issue Letters Patent of the United States to the plaintiffs constaining Claims 7 and 8 of the application at suit.

The above Opinion contains Findings of Fact and Conclusions of Law.